NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A. BARKER,<br><br>    Petitioner,<br><br>  vs.<br><br>JOHN MARSHALL, Warden,<br><br>    Respondent. | No. C 05-3371 PJH (PR)<br><br>GRANT OF LEAVE TO PROCEED IN FORMA PAUPERIS; ORDER OF DISMISSAL<br><br>(Docs 3, 4, 5 & 6) |

   Petitioner, a state prisoner currently incarcerated at the California Men's Colony, has filed a successive petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He contends that under the recent case of Crawford v. Washington, 541 U.S. 36, 59 (2004), his Sixth Amendment confrontation rights were violated at his 1975 trial. The Ninth Circuit has held that Crawford applies retroactively, Bockting v. Bayer, 399 F.3d 1010, 1021(9th Cir.), amended, 408 F.3d 1127 (9th Cir. 2005), but the United States Supreme Court has not.[1]

   A second or successive petition may not be filed in this court unless petitioner first obtains from the United States Court of Appeals for the Ninth Circuit an order authorizing this court to consider the petition. 28 U.S.C. § 2244(b)(3)(A).   Petitioner has not received such an order, but does have a request for one pending before the Ninth Circuit. Barker v. Marshall, No. 05-75114 (filed Sept. 1, 2005). The statute

---

[1] The Supreme Court is the only entity that can "make" a new rule retroactive for purposes of 28 U.S.C. § 2244(b)(2)(A), which governs the circumstances under which such a new rule can be the basis for avoiding dismissal as successive. Tyler v. Cain, 533 U.S. 656, 663 (2001).

provides that a petitioner who wishes to file a second or successive application must obtain a court of appeals order "[b]efore" filing in district court, not afterwards. See 28 U.S.C. § 2244(b)(3)(A). This petitioner has not done.

## CONCLUSION

1. Petitioner's most recent request to proceed in forma pauperis (doc 5) is GRANTED. His prior requests (docs 3 & 4) are DENIED as moot. Petitioner has moved for leave to file an amended petition. The proposed petition does not remedy the deficiency identified above, so amending would be futile. The motion (doc 6) is DENIED.

2. This case is DISMISSED without prejudice to filing a new case if petitioner obtains the necessary order. The clerk shall close the file.

IT IS SO ORDERED.

DATED: October 26, 2005.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.05\BARKER114.DSM